**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| TODD A. PRINS, | Case No. 2:14-cv-01696-APG-CWH |
| Plaintiff, | |
| v. | **ORDER TRANSFERRING CASE TO SOUTHERN DISTRICT OF TEXAS** |
| LIGHTYEAR NETWORK SOLUTIONS, INC.; RICK HUGHES; and CHRIS SULLIVAN, | |
| Defendants. | |

Plaintiff Todd A. Prins brought this suit in Texas state court on June 4, 2014. (Dkt. #1-1 at 5.) Prins asserts fraud- and negligence-based claims against defendants Lightyear Network Solutions, Inc., Rick Hughes, and Chris Sullivan arising out of Prins' purchase of Lightyear stock. Defendants removed the action to federal court and then moved to have the case transferred to the District of Nevada. (Dkt. #1; Dkt. #12.) The Southern District of Texas transferred the case to this court. (Dkt. #20.)

After the transfer, defendants Hughes and Sullivan moved to dismiss for lack of personal jurisdiction, arguing they have no relevant contacts with Nevada. Prins did not respond to the individual defendants' argument regarding lack of personal jurisdiction, and he thereby consented to this portion of the motion being granted. LR 7-2(d). Additionally, Prins did not meet his burden of making a prima facie showing of personal jurisdiction. *Dist. Council No. 16 of Int'l Union of Painters & Allied Trades, Glaziers, Architectural Metal & Glass Workers, Local 1621 v. B & B Glass, Inc.*, 510 F.3d 851, 855 (9th Cir. 2007).

However, instead of dismissing Hughes and Sullivan, I directed the defendants to show cause why this action should not be transferred back to the Southern District of Texas as improperly transferred under 28 U.S.C. § 1404(a). The transfer was improper under that section because (1) this court lacks personal jurisdiction over Hughes and Sullivan so the action could not

have been brought here originally and (2) Prins did not consent to transfer to this jurisdiction. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *In re Rolls Royce Corp.*, 775 F.3d 671, 675 n.5 (5th Cir. 2014).

The defendants responded to my order to show cause by arguing that the Southern District of Texas transferred this case under § 1404(a) based on the forum selection clause contained in the contract between Prins and Lightyear. The defendants contend I should not send this case back to Texas because the Southern District of Texas already decided the transfer issue and I should treat that decision as the law of the case. According to the defendants, a transfer back to Texas would result in the same outcome because the Texas court would dismiss or sever Hughes and Sullivan and transfer Prins' claims against Lightyear under the forum selection clause. Finally, the defendants argue that judicial economy counsels in favor of keeping the case here because a related case is already pending in this district. Prins did not respond.

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (quotation omitted). "This rule of practice promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *Id.* (quotation omitted). The doctrine applies to "transfer decisions of coordinate courts" because reconsideration of transfer decisions could "threaten to send litigants into a vicious circle of litigation." *Id.*

Although a prior decision ordinarily should govern, the court "has the power to revisit prior decisions of its own or of a coordinate court," but it should do so only under "extraordinary circumstances." *Id.* at 817. Accordingly, a transferee court may "decline jurisdiction only if (1) the [transferor court's] decision[ was] clearly erroneous; (2) there has been an intervening change in the law; (3) the evidence . . . is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." *Microsoft Corp. v. Motorola, Inc.*, --- F.3d ---
-, 2015 WL 4568613, at *5 (9th Cir. 2015) (quotation omitted). However, "if the transferee court

can find the transfer decision plausible, its jurisdictional inquiry is at an end." *Christianson*, 486 U.S. at 819.

Here, the transfer decision was clearly erroneous because the action could not have been brought here originally and not all parties consented to the transfer. The defendants made no argument and presented no evidence to the Southern District of Texas that this action could have been brought in the District of Nevada, and the transfer order sets forth no findings on the matter. (Dkt. #12; Dkt. #20.) Instead, the defendants requested that the Southern District of Texas transfer the entire action, including Prins' claims against Hughes and Sullivan, based on the forum selection clause. But a forum selection clause between two of the parties does not trump § 1404(a)'s statutory requirement that a case can be transferred only to a jurisdiction where it could have been brought originally or to which all parties consent.

After the transfer decision in this case, the United States Court of Appeals for the Fifth Circuit set forth a procedure for district courts to follow to determine whether transfer is appropriate where some, but not all, parties to a case have entered into agreements with mandatory forum selection clauses. *See In re Rolls Royce Corp.*, 775 F.3d at 679-81. The defendants contend that several factors weigh in favor of keeping Prins' claims against Lightyear here. But the Southern District of Texas must decide whether to (1) sever or dismiss Prins' claims against Hughes and Sullivan and transfer Prins' claims against Lightyear or (2) keep the entire case. *See id.*

IT IS THEREFORE ORDERED that this action is transferred to the Southern District of Texas.

DATED this 25th day of August, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE