UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TODD A. PRINS, | ) |
| Plaintiff, | ) Case No.: 2:16-cv-0177-GMN-PAL |
| vs. | ) |
| | ) **ORDER** |
| LIGHTYEAR NETWORK SOLUTIONS, INC.; CHRIS T. SULLIVAN; and RICK HUGHES, | ) |
| Defendants. | ) |

Pending before the Court is the Motion to Dismiss, (ECF No. 101), filed by Defendants Rick Hughes ("Hughes"), Lightyear Network Solutions, Inc. ("Lightyear"), and Chris Sullivan ("Sullivan") (collectively "Defendants"). Plaintiff Todd A. Prins ("Plaintiff") filed a Response, (ECF No. 109),[1] and Defendants filed a Reply, (ECF No. 110). For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss.[2]

I. <u>BACKGROUND</u>

This case arises from Plaintiff's investment in Defendants' company Lightyear Network Solutions, Inc. ("Lightyear"). Specifically, Lightyear LLC, Lightyear's predecessor, was a provider of telecommunications services throughout the United States, including telephone long

---

[1] Also pending before the Court is Plaintiff's Emergency Motion for Leave to File Opposition to Defendants' Motion to Dismiss, (ECF No. 107). For good cause appearing, the Court **GRANTS** Plaintiff's Motion for Leave to File Opposition, (ECF No. 107).

[2] Also pending before the Court is Plaintiff's Verified Petition for Permission to Practice Pro Hac Vice filed by Travis M. Parks, (ECF No. 91). On June 22, 2016, the Court held that the Verified Petition was incomplete due to the petitioning-attorney's failure to submit a certificate of good standing for every state, territory, or insular possession in which the attorney has been admitted to practice law. (Min. Order, ECF No. 95). On October 3, 2016, the Court renewed this holding, notifying Plaintiff that failure to file a corrected petition by October 18, 2016, would result in the denial of the Verified Petition. (Min. Order, ECF No. 111). Plaintiff has still failed to file a corrected petition. Accordingly, the Court **DENIES** Plaintiff's Verified Petition for Permission to Practice Pro Hac Vice filed by Travis M. Parks, (ECF No. 91).

distance, internet and intranet, calling cards, and voice over internet protocol. (SAC ¶ 8).  In 2010, Lightyear LLC, entered into a reverse merger transaction with Libra Alliance Corporation ("Libra"). (*Id.* ¶ 9).  Libra fully acquired Lightyear LLC, and once the merger was completed, Libra operated Lightyear LLC's business and changed its name to "Lightyear Network Solutions, Inc." (*Id.*).  Defendant Chris Sullivan ("Sullivan") was the director of Lightyear and eventually owned approximately forty percent of its stock. (*Id.* ¶ 10).

In an attempt to acquire additional investors, Defendant Rick Hughes ("Hughes") approached Plaintiff about an investment opportunity in Lightyear. (*Id.* ¶ 11).  As a result, Plaintiff became a shareholder of Lightyear's common stock by investing $500,000. (*Id.* ¶ 14).  In 2013, however, Lightyear was purchased by Birch Communications ("Birch"); Lightyear's sale proceeds were paid predominantly to Sullivan and Plaintiff did not receive any reimbursement. (*Id.* ¶¶ 16–18).  Plaintiff brought suit to recover the amount of his investment. (*Id.* ¶ 20).

In the instant Motion, Defendants seek dismissal of Plaintiff's Second Amended Complaint due to Plaintiff alleging various causes of action pursuant to Texas law.  (Mot. to Dismiss at 8, ECF No. 101).  Defendants allege that the choice of law clause in the Agreement requires Plaintiff to assert claims pursuant to Nevada law, and therefore Plaintiff's "Texas common law and statutory claims should be dismissed." (*Id.* at 8).

II. <u>LEGAL STANDARD</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering

whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept*., 530 F.3d 1124, 1129 (9th Cir. 2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the

complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the Court grants a motion to dismiss, it must then decide whether to grant leave to amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

**III.     DISCUSSION**

In the instant Motion, Defendants seek dismissal of Plaintiff's Second Amended Complaint ("SAC") because it contains "only claims that are based upon Texas law" in contradiction to "the Nevada choice of law clause in the [ ] Agreement." (Mot. to Dismiss at 2, ECF No. 101).  Plaintiff responds that its first, third, fourth, fifth, sixth, ninth, tenth, and

eleventh causes of action are common law causes of action, are recognized by Nevada law, and therefore should survive the instant Motion. (*See* Resp. 2:13–3:27, ECF No. 109).

When a court is sitting in diversity, it must apply the choice-of-law rules of the forum state. *See, e.g.*, *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1182 (9th Cir. 2009); *Asian Am. Entm't Corp., Ltd. v. Las Vegas Sands, Inc.*, 324 Fed. Appx. 567, 568 (9th Cir. 2009). Generally, Nevada accepts choice of law provisions in contracts. *Progressive Gulf Ins. Co. v. Faehnrich*, 752 F.3d 746, 751 (9th Cir. 2014).

Here, neither party disputes the validity of Section 7 of the Agreement, which states "[t]his Agreement shall be governed by and construed under the laws of the State of Nevada." (Ex. 1 to Mot. to Dismiss at 12, ECF No. 101-1); (*see* SAC ¶ 5). Plaintiff concedes that its second, seventh, and eighth causes of action are brought under Texas law and seeks leave to amend his pleadings to "the Nevada counterparts of these claims." (Resp. 4:1–4). Accordingly, the Court dismisses Plaintiff's second, seventh, and eighth causes of action without prejudice.

Regarding Plaintiff's remaining causes of action, Plaintiff need not specifically allege violations of Nevada law in his Complaint, as a complaint only requires a plaintiff to allege "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). As Plaintiff asserts in his Response, most of his causes of action can be interpreted pursuant to Nevada law. (*See* Resp. 2:13–3:27). Moreover, Defendants' Motion does not contest the factual sufficiency of Plaintiff's pleadings, but only contests the governing law supporting the pleadings. Because Plaintiff's first, third, fourth, fifth, sixth, ninth, tenth, and eleventh causes of action could be brought under Nevada law, the Court denies Defendants' Motion to Dismiss concerning these claims.

### a. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s]

held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiff may be able to plead additional facts to support the following causes of action: (1) statutory fraud; (2) securities act violation; and (3) deceptive trade practices act violation.  Accordingly, because the Court finds that Plaintiff may be able to plead additional facts to support these claims, the Court will grant Plaintiff leave to file a third amended complaint.

Plaintiff shall file its third amended complaint within fourteen days of the date of this Order if it can allege sufficient facts that plausibly establish its second, seventh, and eighth causes of action against Defendants.  Failure to file a second amended complaint by this date shall result in the Court dismissing these claims with prejudice.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 101), is **GRANTED in part** and **DENIED in part**.  The following claims are dismissed without prejudice with leave to amend: (1) statutory fraud; (2) securities act violation; and (3) deceptive trade practices act violation.  Moreover, Defendants' Motion to Dismiss is denied with respect to the following claims: (1) common law fraud; (2) negligence; (3) gross negligence; (4) negligent misrepresentation; (5) breach of fiduciary duty; (6) conspiracy; (7) fraudulent conveyance; and (8) alter ego.

**IT IS FURTHER ORDERED** that Plaintiff shall file his third amended complaint by February 21, 2017.  Failure to file a third amended complaint by this date shall result in the

1 Court dismissing these claims with prejudice, and the case will continue only on Plaintiff's
2 remaining claims.
3     **IT IS FURTHER ORDERED** that Plaintiff's Verified Petition for Permission to
4 Practice Pro Hac Vice filed by Travis M. Parks, (ECF No. 91), is **DENIED**.
5     **IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for Leave to File
6 Opposition to Defendants' Motion to Dismiss, (ECF No. 107), is **GRANTED**.
7     **DATED** this __6__ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge